## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FIESTA D.C., INC.,<br><br>    Plaintiff,<br><br>v.<br><br>GRIFFITHS, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 07-722 (PLF)<br>)<br>)<br>)<br>)<br>) |

### ANSWER AND DEFENSES

Defendant Arturo Griffiths ("Defendant"), by and through its undersigned counsel, hereby answers the allegations contained in Plaintiff Fiesta DC, Inc.'s Complaint.

Defendant gives notice that his may rely on the following defenses in defending against the Complaint. Defendant does not hereby assume any burden of proof that otherwise would rest upon Plaintiff. Defendant, by listing such defenses, does not concede, explicitly or implicitly, that any or all of the listed defenses are affirmative defenses. Defendant also does not by listing his defenses (here or elsewhere in the Answer) limit Defendant's ability to present any defense that does not need to be identified by Answer.

### FIRST DEFENSE

Defendant responds to the allegations contained within Plaintiff's Complaint in the order stated therein.

### NATURE OF THE ACTION

1.    Paragraph 1 consists of a characterization of the Complaint to which no response is required. To the extent it contains allegations of fact, Defendant denies the allegations contained in paragraph 1.

## THE PARTIES

2.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore, denies same

3.    Defendant admits that he is a human being.  Defendant denies that Fiestón DC is an unincorporated organization.  Defendant denies the remaining allegations in paragraph 3.

4.    Defendant admits that the individual person identified in paragraph 4 is a human being.  Defendant denies that Fiestón DC is an unincorporated organization.  Defendant denies the remaining allegations in paragraph 4.

5.    Defendant admits that the individual person identified in paragraph 5 is a human being.  Defendant denies that Fiestón DC is an unincorporated organization.  Defendant denies the remaining allegations in paragraph 5.

6.    Defendant admits that the individual person identified in paragraph 6 is a human being.  Defendant denies that Fiestón DC is an unincorporated organization.  Defendant denies the remaining allegations in paragraph 6.

7.    Defendant admits that the individual person identified in paragraph 7 is a human being.  Defendant denies that Fiestón DC is an unincorporated organization.  Defendant denies the remaining allegations in paragraph 7.

8.    Defendant admits that the individual person identified in paragraph 8 is a human being.  Defendant denies that Fiestón DC is an unincorporated organization.  Defendant denies the remaining allegations in paragraph 8.

9.     Defendant admits that the individual person identified in paragraph 9 is a human being. Defendant denies that Fiestón DC is an unincorporated organization. Defendant denies the remaining allegations in paragraph 9.

10.     Defendant admits that the individual person identified in paragraph 10 is a human being. Defendant denies that Fiestón DC is an unincorporated organization. Defendant denies the remaining allegations in paragraph 10.

11.     Defendant admits that the individual person identified in paragraph 11 is a human being. Defendant denies that Fiestón DC is an unincorporated organization. Defendant denies the remaining allegations in paragraph 11.

12.     Defendant admits that the individual person identified in paragraph 12 is a human being. Defendant denies that Fiestón DC is an unincorporated organization. Defendant denies the remaining allegations in paragraph 12.

13.     Defendant admits that the individual person identified in paragraph 13 is a human being. Defendant denies that Fiestón DC is an unincorporated organization. Defendant denies the remaining allegations in paragraph 13.

14.     Defendant admits that the individual person identified in paragraph 14 is a human being. Defendant denies that Fiestón DC is an unincorporated organization. Defendant denies the remaining allegations in paragraph 14.

15.     Defendant admits that the individual person identified in paragraph 15 is a human being. Defendant denies that Fiestón DC is an unincorporated organization. Defendant denies the remaining allegations in paragraph 15.

16.     Defendant admits that the individual person identified in paragraph 16 is a human being.  Defendant denies that Fiestón DC is an unincorporated organization.  Defendant denies the remaining allegations in paragraph 16.

17.     Defendant admits that the individual person identified in paragraph 17 is a human being.  Defendant denies that Fiestón DC is an unincorporated organization.  Defendant denies the remaining allegations in paragraph 17.

18.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and, therefore, denies same.

## JURISDICTION AND VENUE

19.     To the extent paragraph 19 is a statement of jurisdiction and conclusion of law, no response is required.  However, to the extent paragraph 19 is deemed to contain allegations that events or omissions took place which could give rise to a cause of action, the allegations are denied.

20.     To the extent paragraph 20 is a statement of jurisdiction and conclusion of law, no response is required.  However, to the extent paragraph 20 is deemed to contain allegations that events or omissions took place which could give rise to a cause of action, the allegations are denied.

21.     To the extent paragraph 21 is a statement of  jurisdiction and conclusion of law, no response is required.  However, to the extent paragraph 21 is deemed to contain allegations that events or omissions took place which could give rise to a cause of action, the allegations are denied.

22.    To the extent paragraph 22 is a statement of venue and conclusion of law, no response is required. However, to the extent paragraph 22 is deemed to contain allegations that events or omissions took place which could give rise to a cause of action, the allegations are denied.

## FACTS

23.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and, therefore, denies same.

24.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and, therefore, denies same.

25.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and, therefore, denies same.

26.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and, therefore, denies same.

27.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and, therefore, denies same.

28.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 and, therefore, denies same.

29.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 and, therefore, denies same.

30.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and, therefore, denies same.

31.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 and, therefore, denies same.

32.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 and, therefore, denies same.

33.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and, therefore, denies same.

34.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 and, therefore, denies same.

35.    Defendant denies the allegations of paragraph 35.

36.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 and, therefore, denies same.

37.    Defendant denies that Fiestón DC is an unincorporated organization.  Defendant denies the remaining allegations of paragraph 37.

38.    Defendant denies the first sentence of paragraph 38 to the extent that Plaintiff alleges that Fiestón DC is an unincorporated organization.  Defendant admits that Advisos registered the domain name Fieston.com and designed and developed the website Fieston.com. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38 and, therefore, denies same.

39.     Defendant denies the allegations contained in paragraph 39 that address plans for events that are alleged to have occurred in the past.  Defendant admits that Fiestón DC was described as family oriented and celebrating the cultural history of the Hispanic communities. Defendant denies the remaining allegations contained in Paragraph 39.

40.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 to the extent that said allegations address parties other than Defendant.  With respect to the allegations contained in Paragraph 40 as they may relate to Defendant, Defendant denies the allegations contained in paragraph 40.

41.     The allegations contained in paragraph 41 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 41 of the Complaint.

42.     The allegations contained in paragraph 42 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 and, therefore, denies same.

43.     The allegations contained in paragraph 43 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 43 of the Complaint.

44.     The allegations contained in paragraph 44 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 44 of the Complaint.

45.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 and, therefore, denies same.

## COUNT I

46.    Defendant incorporates its responses to paragraphs 1 through 45, reaffirmed and incorporated herein by reference.

47.    The allegations contained in paragraph 47 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 47 of the Complaint.

48.    The allegations contained in paragraph 48 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 48 of the Complaint.

49.    The allegations contained in paragraph 49 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 49 of the Complaint.

50.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and, therefore, denies same.

51.    The allegations contained in paragraph 51 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 51 of the Complaint.

52.    Defendant denies the allegations in Paragraph 52.

53.     Defendant denies the allegations in Paragraph 53.

## COUNT II

54.     Defendant incorporates its responses to paragraphs 1 through 53, reaffirmed and incorporated herein by reference.

55.     The allegations contained in paragraph 55 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 55 of the Complaint.

56.     The allegations contained in paragraph 56 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 56 of the Complaint.

57.     Defendant denies the allegations in Paragraph 57.

58.     Defendant denies the allegations in Paragraph 58.

## COUNT III

59.     Defendant incorporates its responses to paragraphs 1 through 58, reaffirmed and incorporated herein by reference.

60.     Defendant denies the allegations in Paragraph 60.

61.     Defendant denies the allegations in Paragraph 61.

62.     Defendant denies the allegations in Paragraph 62.

63.    Defendant denies the allegations and the prayer for relief contained in the Whereas clause and paragraphs 1-11 of the Complaint appearing on pages 14-16 of the Complaint.

## TO THE COMPLAINT AS A WHOLE

64.    Defendant denies each and every allegation in Plaintiff's Complaint that is not expressly admitted in this Answer. Defendant reserves the right to assert additional defenses and matters in avoidance that may be disclosed by additional investigation and discovery.

### SECOND DEFENSE

### (Failure to State a Claim)

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### THIRD DEFENSE

### (Waiver, Estoppel, Laches, Equitable Estoppel, or Unclean Hands)

Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, equitable estoppel, or unclean hands.

### FOURTH DEFENSE

### (Necessary Party)

Plaintiff has failed to name a necessary party to this action.

### FIFTH DEFENSE

### (Lack of Discovery)

Defendant has not yet had an opportunity to conduct discovery in this case. Accordingly, Defendant reserves the right to assert each and every additional defense, counter-claim or cross-claim as they may be revealed by further investigation and discovery.

## SIXTH DEFENSE

### (No Likelihood of Confusion)

Plaintiff's Complaint fails to state a claim for trademark infringement as there is no likelihood of confusion.

## SEVENTH DEFENSE

### (No Actual Injury)

Plaintiff's claims are barred in whole or in part because Plaintiff has suffered no actual injury.

## EIGHTH DEFENSE

### (Failure to Register)

Plaintiff's claims are barred in whole or in part because Plaintiff did not obtain a Federal Trademark Registration until well after Defendant began use of the name and mark FIESTON DC.

## **PRAYER**

WHEREFORE, having fully answered the allegations contained in the Complaint,

Defendant prays the Court:

(a)     enter judgment in Defendant's favor, and dismiss with prejudice the Complaint

filed by Plaintiff;

(b)     award Defendant his costs and expenses incurred in the defense of this Complaint,

including reasonable attorneys' fees to the extent permitted by applicable law; and

(c)     grant Defendant such other and further relief as is just and proper.

January 7, 2008                                Respectfully submitted,

HOLLAND & KNIGHT LLP

By: _____
Leo G. Rydzewski (Bar No. 459979)
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C. 20006
Phone: (202) 955-3000
Facsimile: (202) 955-5564
leo.rydzewski@hklaw.com
*Counsel for Defendant Arturo Griffiths*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 7th day of January, 2008, I will file the foregoing **ANSWER AND DEFENSES** with the Clerk's of Court using the CM/ECF system upon:

> J Kevin Fee
> Morgan, Lewis & Bockius, LLP.
> 1111 Pennsylvania Avenue, NW
> Washington, DC 20004-2541

> *Counsel for Plaintiff*

Leo G. Rydzewski

# 5032844_v3